# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **MARGARET MCDONALD** | * | **CIVIL ACTION NO. 17-0981** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **BROOKSHIRE GROCERY COMPANY, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

# ORDER

On August 1, 2017, defendant, Nationwide Building Services, Inc. ("Nationwide"), removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. *See* Notice of Removal. Federal courts, of course, are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests with the party invoking the federal forum. *Id*. Further, when jurisdiction depends on diversity of citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). This rule requires "strict adherence." *Id*.

a)     <u>Citizenship of the Parties</u>

The notice of removal alleges that co-defendants, Brookshire Grocery Company ("Brookshire") and The Travelers Indemnity Company of Connecticut ("Travelers") are foreign entities. (Notice of Removal, ¶ 2). The pleading, however, does not allege whether these "companies" are corporations or some other type of unincorporated association. If the former, then the "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of the corporation." *Getty Oil, supra* (emphasis added). Simply

alleging that a corporation is a "foreign insurer" or that its principal place of business is not in a given state, without affirmatively alleging where that principal place of business is, does not suffice to establish jurisdiction. *See Getty Oil, supra*; *see also Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference).

Alternatively, if Brookshire and Travelers are limited liability companies and/or unincorporated associations, then the citizenship of each member must be alleged and considered.[1]

Accordingly, within the next seven days from the date of this order, removing defendant is granted leave of court to file an amended notice of removal that establishes the citizenship of the parties for purposes of diversity. *See* 28 U.S.C. §1653. If defendant fails to so comply, or if subject matter jurisdiction is found to be lacking, then the matter will be remanded to state court.

b) <u>Amount in Controversy</u>

In addition, when, as here, the state court petition seeks a money judgment, but state law

---

[1] For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Under Louisiana law, a limited liability company is an unincorporated association. La. R.S. 12:1301A(10). However, the law of the state where the defendant entity is organized may differ. If so, defendant may address this issue in its amended notice of removal. *See* discussion, *infra*. Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations. *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

does not permit a demand for a specific sum, then the removing defendant(s) may assert the amount in controversy in its notice of removal, which "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); 28 U.S.C. § 1446(c)(2)(A). Here, however, the court questions whether the amount in controversy exceeded the jurisdictional minimum at the time of removal.[2]

Accordingly, within the next 14 days from the date of this order, removing defendant shall file a memorandum, *together with supporting evidence*, sufficient to establish that the requisite jurisdictional amount was in controversy at the time of removal. Plaintiff may submit a response (and evidence) within seven days thereafter, as needed. If defendant fails to so comply, or if subject matter jurisdiction is found to be lacking, then the matter will be remanded to state court.[3]

---

[2]  Defendant alleged that the amount in controversy exceeded the jurisdictional minimum on the basis of plaintiff's counsel response to defendant's letter of inquiry, confirming that "[p]ursuant to Louisiana Code of Civil Procedure Article 898, plaintiff's damages **meet** or exceed the jurisdictional amount for removal to federal court based on diversity of citizenship (i.e. **$75,000**, exclusive of interest and costs). (Notice of Removal, Exh. 4) (emphasis added). Diversity jurisdiction, however, requires an amount in controversy greater than $75,000, i.e., a sum no less than 75,000.01. The phrasing of defendant's letter leaves open the possibility that the amount in controversy is precisely $75,000, which is insufficient for the exercise of federal subject matter jurisdiction.

[3]  Lest the parties suspect that the court is engaged in a hyper-technical exercise that exalts form over substance, the undersigned observes that the Fifth Circuit takes these matters seriously. *See e.g. Settlement Funding, L.L.C. v. Rapid Settlements, Limited*, 851 F.3d 530 (5th Cir. 2017) (party asserting jurisdiction failed to establish complete diversity, thereby requiring vacatur of the district court's judgment, with instructions to remand the matter to state court after four years of litigation); *Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259 (5th Cir. Nov. 2008) (remanding to district court to address deficient jurisdictional allegations; *Smitherman v. Bayview Loan Servicing, L.L.C.*, 2017 WL 113919 (5th Cir. Jan. 11, 2017) (remanding to district court because notice of removal did not identify members of LLC or their citizenship); *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) (dismissing case because record did not contain allegations establishing complete diversity).

IT IS SO ORDERED.

In Chambers, at Monroe, Louisiana, this 20th day of October 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE