# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **MARGARET MCDONALD** | **CIVIL ACTION NO. 3:17-CV-00981** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BROOKSHIRE GROCERY CO., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

# RULING

Pending here is a Motion for Partial Summary Judgment filed by Defendant Nationwide Building Services, Inc., ("Nationwide") [Doc. No. 38]. Plaintiff Margaret McDonald ("McDonald") filed an opposition [Doc. No. 48]. Nationwide filed a reply to the opposition [Doc. No. 49].

Pending here also is McDonald's Motion for Leave to File Third Supplemental & Amended Petition for Damages [Doc. No. 43]. Nationwide has filed an opposition [Doc. No. 50].

The motions are fully briefed and the Court is prepared to rule.

## I.   FACTS AND PROCEDURAL BACKGROUND

McDonald contends that she suffered injuries on June 20, 2016, when she slipped and fell on water left after the cleaning and buffering of the floor at Defendant Brookshire Grocery Company's ("Brookshire") store in Jonesboro, Louisiana. On May 26, 2017, she filed a Petition for Damages against Defendants Brookshire, Nationwide, and The Travelers Indemnity Company of Connecticut ("Travelers") in the Second Judicial District Court for the Parish of Jackson, State of Louisiana. On August 1, 2017, the lawsuit was removed to this Court.

On November 9, 2017, the Court issued a Scheduling Order [Doc. No. 15] setting a trial date of November 13, 2018. The deadline for joinder of parties and amendment of pleadings was

set as March 29, 2018.

On March 12, 2018, McDonald filed a First Supplemental and Amended Petition [Doc. No. 16], adding as an additional Defendant Argel Building Services, Inc., ("Argel"). She alleged liability on the basis that Brookshire had retained the services of Nationwide, who in turn had retained the services of Argel, to clean the floors of the business.

On May 3, 2018, McDonald filed a Motion to Modify Pretrial Scheduling Order [Doc. No. 21], which the Court granted [Doc. No. 23]. A new Scheduling Order was issued, re-setting the trial for April 15, 2019, and extending the deadline for joinder of parties and amendment of pleadings to August 29, 2018 [Doc. No. 24].

On October 8, 2018, Argel filed a Motion to Continue Trial and Modify Scheduling Order [Doc. No. 27], which the Court granted [Doc. No. 28]. A new Scheduling Order was issued, re-setting the trial for October 15, 2019, and extending the deadline for joinder of parties and amendment of pleadings to February 28, 2019 [Doc. No. 29].

On February 28, 2019, McDonald filed a Motion to File Second Supplemental and Amended Petition [Doc. No. 32] adding as an additional Defendant United Specialty Insurance Company ("United"), the alleged insurer of Argel. The motion was granted after McDonald cured a deficiency, and her Second Supplemental and Amended Petition was filed on March 5, 2019 [Doc. No. 36].

On March 7, 2019, Nationwide filed the pending Motion for Partial Summary Judgment [Doc. No. 38] on the basis that it had no liability to McDonald because it had performed no floor cleaning or buffering services at the Jonesboro Brookshire store, but, rather, had sub-contracted that work to Argel, as an independent contractor.

On March 18, 2019, Brookshire and Travelers filed a Cross Claim against Nationwide [Doc. No. 42], alleging that the written contract between Brookshire and Nationwide contained an indemnity clause which provided that Nationwide would defend, indemnify, and hold Brookshire harmless from any and all claims, damages, or obligations arising out of the performance of services in cleaning floors at the Brookshire store.

On March 28, 2019, a month after the deadline for amendment of pleadings, McDonald filed the pending Motion for Leave to File Third Supplemental & Amended Petition for Damages [Doc. No. 43]. On that same date, she filed a Motion to Continue Trial and Modify Pretrial Scheduling Order [Doc. No. 45], which the Court denied, observing that the case had been pending since August 2017 and that the trial date had been continued twice before [Doc. No. 47].

On March 29, 2019, McDonald filed her opposition to Nationwide's Motion for Partial Summary Judgment [Doc. No. 48]. On April 1, 2019, Nationwide filed its reply to McDonald's opposition [Doc. No. 49].

On April 3, 2019, Nationwide filed an opposition to McDonald's Motion for Leave to File Third Supplemental & Amended Petition [Doc. No. 50].

The motions are fully briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

**B.     Analysis**

McDonald alleges that on June 20, 2016, she "slipped and fell on some excess water after the cleaning and buffering of the floors, causing her to fall, [and] causing her serious injury to her person." [Doc. No 36, p. 2]. She further alleged that Brookshire "retains the services of [Nationwide], who in turn upon information and belief, retained the services of [Argel], who is responsible for cleaning the floors of the business." *Id*.

Nationwide moves for summary judgment on the basis that it owed no legal duty to McDonald, for the following reasons.

On June 15, 2016, Brookshire entered into a Cleaning Maintenance Services Agreement with Nationwide for cleaning and maintenance services for floors, lavatories, and other areas at Brookshire grocery store in Jonesboro, Louisiana (the "CMS Agreement") [Doc. No. 38-3, p. 3-8].

On January 1, 2016, Nationwide entered into an Independent Sub-Contractor Agreement

(the "Subcontract Agreement") with Argel to provide services in the nature of cleaning premises for certain stores which are customers of Nationwide, including the Brookshire store where this accident occurred. *Id*. at pp. 9-22. The Subcontract Agreement included provisions expressly recognizing both Argel's expertise in providing professional premises cleaning services and the independent contractor status governing the business relationship between Nationwide and Argel. *Id*. at p. 9.

Nationwide produced the Affidavit of Jose Monemayor, its Vice-President, which states that on the date of the accident the floor services were performed by employees of Argel, using supplies and equipment owned by Argel; that Nationwide employees have never preformed floor cleaning and buffering services at the store; that none of its employees were present at the store on the date of the accident; that it does not own or operate the Brookshire store premises; and that it did not place pallets and/or display materials at the store [Doc. No. 38-3, p. 2].

Nationwide argues that it is entitled to a dismissal of McDonald's claims against it as a matter of law because there are no genuine issues of material fact that (1) Nationwide did not perform any floor cleaning or buffering services that allegedly caused or contributed to McDonald's slip and fall incident, (2) said services were performed by Argel pursuant to the Subcontract Agreement, (3) Nationwide did not own or operate the Brookshire's grocery premises on the date of the incident, and (4) Nationwide did not place pallets and/or display materials at any time.

McDonald offers no summary judgment evidence in opposition to the motion. Instead, she argues that additional time is needed for discovery and that there are potential contractual indemnity and insurance obligations between and amongst the Defendants.

Despite the lack of any pertinent factual allegations in her prior pleadings, she argues further that the "extent of Nationwide's supervision and involvement [of Argel] is still unknown and is to be further determined through discovery;" and, that the Court "must look at the potential of Nationwide's selection of an insufficiently insured, unskilled subcontractor to perform the services in question." [Doc. No. 48-2, p. 5].

In an effort to remedy this lack of factual allegations, on March 28, 2019, after the February 28, 2019 deadline for filing amended pleadings, and after Nationwide filed its Motion for Summary Judgment on March 7, 2019, McDonald filed a Motion for Leave to File Third Supplemental and Amended Petition for Damages [Doc. No. 43]. Her proposed pleading makes the following additional allegations:

> "[Nationwide] failed herein for the following non-exclusive particulars:
>
> a) They failed by selecting an unqualified, untrained and unskilled subcontractor;
>
> b) They failed to impose appropriate terms and conditions upon [Argel] in their contract;
>
> [c]) They failed to properly supervise and monitor compliance of their subcontractor [Argel] with its obligations under the contract; and
>
> [d]) Other acts of negligence which will be more fully shown herein."

[Doc. No. 43-3, pp. 3-4].

The Court will address Nationwide's motion for partial summary judgment first and then will address McDonald's motion for leave to amend.

### 1. Nationwide's Motion for Partial Summary Judgment

Nationwide asserts that it has no liability to McDonald because Louisiana law is clear that a party is not liable for the torts of its subcontractor unless that party retains the right to control the

6

manner in which the contractor performs his work. *Carmouche v. W.G. Yates and Sons Const.*, No. 2:04-CV-2397, 2006 WL 1635703, at *3 (La. W.D. June 12, 2006) (*citing Mack v. CDI Contractors, Inc.*, 757 So.2d 93 (La. App. 5 Cir. 2000).)

Nationwide has provided uncontradicted summary judgment evidence that it subcontracted the work to Argel and retained no right to control the manner in which Argel performed the work. [Doc. No. 38-3].

Therefore, Nationwide has met its initial burden. The burden now shifts to McDonald to establish the existence of a genuine issue of material fact for trial. Toward that end, she offers the following arguments.

      a.      **The Need for Additional Discovery**

McDonald first argues that "Nationwide's motion [for summary judgment] is in fact premature," and states that "[d]iscovery is in its infancy." [Doc. No. 48-2, p. 3, 7].

"Rule 56 (c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on, which that party will bear the burden of proof at trial." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).

This accident occurred on June 20, 2016, nearly three (3) years ago. McDonald's Petition for Damages was filed in Louisiana state court on May 26, 2017, and removed to this Court on August 1, 2017. The original trial date of November 13, 2018, was first continued to April 15, 2019, and then to October 15, 2019.

Nationwide asserts that, as of the date McDonald filed her opposition, she had propounded no discovery upon any party in this matter. "Not a single interrogatory or request for production

was propounded upon any defendant, and not a single deposition had been noticed, much less taken, by Plaintiff." [Doc. No. 49, p. 4].

Therefore, the Court is not persuaded McDonald's first argument has merit.[1]

### b. Potential Contractual Indemnity and Insurance Obligations Between and Amongst the Co-Defendants

McDonald next refers to language in the contracts between the Co-Defendants concerning purported defense, indemnity and insurance obligations between themselves. She also cites the fact that Brookshire recently filed a Cross Claim against Nationwide contending that Nationwide has a contractual obligation to indemnify Brookshire [Doc. No. 42].

McDonald has not shown how potential risk transfer provisions in contracts between the Co-Defendants have a bearing on her burden of proof against Nationwide. She is not a party to those contracts. Her discussion of contractual risk transfer and insurance obligations is irrelevant to the instant motion, which concerns whether Nationwide owed a legal duty to her.

The Court is not persuaded that McDonald's second argument has merit.

### c. Previously Unpled Theories of Recovery

Nationwide filed its Motion for Partial Summary Judgment based on the allegations McDonald set forth in her latest, Second Amended Petition for Damages [Doc. No. 36] filed into the record on March 5, 2019.

But now McDonald seeks to defeat summary judgment by making new allegations. She alleges that the extent of Nationwide's supervision and involvement of Argel is still unknown and that Nationwide potentially may have selected an insufficiently insured, unskilled subcontractor.

---

[1] To the extent McDonald moves for a delay in ruling on the MSJ and for additional time to take discovery under Rule 56(d), she has not met the requirements of that rule, and relief is not warranted.

When a claim is raised for the first time in response to a summary judgment motion, the district court should construe that claim as a motion to amend the complaint under Federal Rule of Civil Procedure 15(a). *Riley v. Sch. Bd. Union Parish*, 379 F. App'x 335, 341 (5th Cir. 2010).

Here, McDonald has, in fact, simultaneously filed a Motion for Leave to File Third Supplemental & Amended Petition for Damages [Doc. No. 43] in an effort to assert these new allegations.

The Court is required to address that motion at this point in its analysis.

When deciding whether to grant a party leave to amend, the court considers the following factors: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors, leave should be granted. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted).

With regard to the "undue delay" factor, McDonald's motion for leave to amend, filed on March 28, 2019, is clearly untimely. The deadline to amend pleadings was February 28, 2019, and that deadline had been extended twice before that.

Additionally, this lawsuit was removed to this Court on August 1, 2017. McDonald has had more than one-and-one-half years to propound discovery, yet she has failed to propound any discovery at all to any party. Therefore, the "undue delay" factor operates against allowing the amendment.

With regard to the "bad faith or dilatory motive" factor, McDonald offers no factual basis for her new allegations asserting a completely new theory of recovery against Nationwide. This

9

new theory is not based on newly discovered material. Nationwide asserts that McDonald's new allegations are not based on anything but were "created out of whole cloth." [Doc. No. 50, p. 5]. McDonald amended her petition more than a year ago, on March 12, 2018, to name as an additional Defendant, Argel, who actually performed the work at the Brookshire store on the date in question. Yet she has taken no steps since then to discover facts that might support her new allegations. It seems apparent that the sole purpose of McDonald's request to amend is to attempt to defeat Nationwide's motion for summary judgment. Thus, the "bad faith or dilatory motive" factor operates against allowing the amendment.

With regard to the "repeated failure to cure deficiencies by previous amendments" factor, this new request for leave to file her Third Supplemental and Amended Petition comes less than a month after McDonald filed her Second Supplemental and Amended Petition on March 5, 2019. The only thing that has changed since that time is Nationwide's filing of Motion for Summary Judgment. McDonald has cited no reason why she could not have made these new allegations in her prior amended pleadings. This factor, too, operates against allowing the amendment.

With regard to the "undue prejudice to the opposing party" factor, McDonald has had at least three prior opportunities, in her original petition and the two subsequent amended petitions, to frame her claims and her theories of recovery against all of the parties. Nationwide in good faith filed its motion for summary judgment almost three (3) years after the accident, based on all allegations made by McDonald during that time. To allow McDonald to amend her petition after the deadline to amend pleadings has passed, and after Nationwide has filed its motion for summary judgment, would be patently unfair and would also result in undue prejudice to

Nationwide. The process could go on indefinitely. Therefore, this factor also operates against allowing the amendment.

With regard to the last factor, "futility of the amendment," McDonald offers nothing to suggest additional discovery will reveal facts in her favor. She merely asserts that the "extent of Nationwide's supervision and involvement [of Argel] is still unknown and is to be further determined through discovery." [Doc. No. 48-2, p. 5].

The Fifth Circuit has emphasized "the fact that a defendant has filed a motion for summary judgment is significant in the determination whether a plaintiff's motion to amend is timely." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846, n.2 (5th Cir. 1992). The Fifth Circuit has noted that "[m]uch of the value of summary judgment procedure ... would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of another theory." *Id*.

The Court concludes, after careful consideration of all of the above factors, that McDonald's motion for leave to amend should be **DENIED.**

Having made that determination, the Court concludes that Nationwide is entitled to judgment as a matter of law holding that it has no liability to McDonald. Louisiana law is clear that a party is not liable for the torts of its subcontractor unless that party retains the right to control the manner in which the contractor performs his work. There is no genuine issue of material fact which would preclude summary judgment in Nationwide's favor. Nationwide's motion for summary judgment, therefore, should be **GRANTED**.

III. CONCLUSION

For the foregoing reasons, McDonald's Motion for Leave to File Third Supplemental & Amended Petition for Damages [Doc. No. 43] is **DENIED**.

Additionally, Nationwide's Motion for Partial Summary Judgment [Doc. No. 38] is **GRANTED**. McDonald's claims against Nationwide are **DISMISSED WITH PREJUDICE**. Nationwide will remain a party because of the Cross-Claim [Doc. No. 42].

MONROE, LOUISIANA, this 5th day of April, 2019.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**