UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| MARGARET MCDONALD | CIVIL ACTION NO. 3:17-CV-00981 |
|---|---|
| VERSUS | JUDGE TERRY A. DOUGHTY |
| BROOKSHIRE GROCERY CO., ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending here is a Motion for Partial Summary Judgment filed by Defendants Brookshire Grocery Company ("Brookshire") and The Travelers Indemnity Company of Connecticut (Travelers") [Doc. No. 54]. Plaintiff Margaret McDonald ("McDonald") filed an opposition [Doc. No. 60]. Nationwide Building Services, Inc. ("Nationwide") filed a limited opposition [Doc. No. 61]. Brookshire and Travelers filed a reply to McDonald's opposition [Doc. No. 64].

The motion is fully briefed, and the Court is prepared to rule.

I.     FACTS AND PROCEDURAL BACKGROUND

McDonald contends that she suffered injuries on June 20, 2016, when she slipped and fell on water left after a floor was cleaned and buffered at the Brookshire store in Jonesboro, Louisiana. On May 26, 2017, she filed a Petition for Damages against Defendants Brookshire, Nationwide, and Travelers in the Second Judicial District Court for the Parish of Jackson, State of Louisiana. On August 1, 2017, the lawsuit was removed to this Court.

On March 12, 2018, McDonald filed a First Supplemental and Amended Petition [Doc. No. 16], adding as an additional Defendant Argel Building Services, Inc., ("Argel"). She alleged liability on the basis that Brookshire had retained the services of Nationwide, who, in turn, had retained the services of Argel to clean the floors of the business.

On March 5, 2019, McDonald filed a Second Supplemental and Amended Petition [Doc. No. 36] adding as an additional Defendant United Specialty Insurance Company ("United"), the alleged insurer of Argel.

On March 7, 2019, Nationwide filed a Motion for Partial Summary Judgment [Doc. No. 38], contending that it had no liability to McDonald because it had not cleaned or buffered the floors at the Jonesboro Brookshire store, but, rather, had sub-contracted that work to Argel, as an independent contractor.

On March 18, 2019, Brookshire and Travelers filed a cross-claim against Nationwide [Doc. No. 42], alleging that the written contract between Brookshire and Nationwide contained an indemnity clause which provided that Nationwide would defend, indemnify, and hold Brookshire harmless from any and all claims, damages, or obligations arising out of the performance of services in cleaning floors at the Brookshire store.

On April 5, 2019, the Court granted Nationwide's Motion for Partial Summary Judgment [Doc. No. 38], concluding that Nationwide has no liability to McDonald because under Louisiana law a party is not liable for the torts of its subcontractor unless that party retains the right to control the manner in which the contractor performs his work, which, in this case, Nationwide did not do. Thus, Nationwide was entitled to judgment as a matter of law holding that it has no liability to McDonald [Doc. Nos. 52, 53]. However, Nationwide remained a party because of Brookshire's cross claim [Doc. No. 42].

On April 30, 2019, Brookshire and Travelers filed the pending motion for partial summary judgment asking that McDonald's claims against them be dismissed because: (1) Brookshire did not perform any floor cleaning services that allegedly caused or contributed to McDonald's slip

2

and fall; and, (2) Brookshire contracted all floor cleaning services for the premises in question to Nationwide as an independent contractor, and, therefore, Brookshire is entitled to summary judgment dismissing McDonald's claims against it for the same reason the Court granted summary judgment in favor of Nationwide [Doc. No. 54].

On May 21, 2019, McDonald filed her opposition to the pending motion for summary judgment [Doc. No. 60]. McDonald contends there are genuine issues of material fact as to whether a Brookshire employee operated the floor cleaner, whether "wet floor" signs were placed on the floor in the area where McDonald fell, and whether Brookshire is liable to her pursuant to La. R. S. 9:2800.6, the Louisiana premises liability statute.

Also, on May 21, 2019, Nationwide filed a limited opposition in which it stated it did not oppose Brookshire's motion for partial summary judgment seeking dismissal of McDonald's claims against Brookshire; however, Nationwide submits that, to the extent the motion is deemed to seek a determination that defense and indemnity is owed to Brookshire by Nationwide, Brookshire failed to meet its burden of proof [Doc. No. 61].

On May 28, 2019, Brookshire and Travelers filed a reply in support of their motion for summary judgment [Doc. No. 64].

The motion is ripe.

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the

outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

**B. Analysis**

**1. McDonald's Claim Against Brookshire**

**a. The Duty/Risk Analysis**

In any negligence action, the threshold question is whether the defendant owed the plaintiff a duty, and whether a duty is owed is a question of law. *Milbert v. Answering Bureau, Inc.*, 120 So. 3d 678, 688 (La. 6/28/2013). Louisiana courts employ a duty-risk analysis, under which a plaintiff must prove five elements: (1) whether the defendant had a duty to conform his conduct to a specific standard of care; (2) whether the defendant's conduct failed to conform to the appropriate standard of care; (3) whether the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) whether the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) whether the plaintiff was damaged. *Id*.

McDonald alleges that on June 20, 2016, she "slipped and fell on some excess water after

the cleaning and buffering of the floors, causing her to fall, [and] causing her serious injury to her person." [Doc. No 36, p. 2]. She further alleged that Brookshire "retains the services of [Nationwide], who in turn upon information and belief, retained the services of [Argel], who is responsible for cleaning the floors of the business." *Id*.

### b. Whether Brookshire Owed a Legal Duty to McDonald

Brookshire moves for summary judgment on the basis that it owed no legal duty to McDonald because, under Louisiana law, a party is not liable for the torts of its subcontractor unless that party retains the right to control the manner in which the contractor performs his work. *Carmouche v. W.G. Yates and Sons Const.*, No. 2:04-CV-2397, 2006 WL 1635703, at *3 (La. W.D. June 12, 2006) (citing *Mack v. CDI Contractors, Inc*., 757 So.2d 93 (La. App. 5 Cir. 2000)).

Brookshire shows that on June 15, 2016, Brookshire entered into a Cleaning Maintenance Services Agreement with Nationwide for cleaning and maintenance services for floors, lavatories, and other areas at the Brookshire store in Jonesboro, Louisiana (the "CMS Agreement") [Doc. No. 54-3].

Under Section 6 of the CMS Agreement with a heading of "Independent Contractor," the Agreement provides as follows:

> BGC and Contractor agree that Contractor is and shall act solely as an independent contractor in the performance of any services under the Agreement. Contractor shall employ its own means and methods of accomplishing such services and shall work independently and exercise its own judgment. Contractor shall be responsible for the use of, and providing its employees, agents, and subcontractors adequate training in, all cleaning and maintenance equipment as well as safety equipment applicable to the services to be performed hereunder . . .

[Doc. No. 54-3, p. 2]

On January 1, 2016, Nationwide entered into an Independent Sub-Contractor Agreement

5

(the "Subcontract Agreement") with Argel to provide services in the nature of cleaning premises for certain stores which are customers of Nationwide, including the Brookshire store where this accident occurred. [Doc. No. 38-3, pp. 9-22]. The Subcontract Agreement included provisions expressly recognizing both Argel's expertise in providing professional premises cleaning services and the independent contractor status governing the business relationship between Nationwide and Argel. [*Id*. at p. 9].

Brookshire attaches the affidavits of Brandy Presley ("Presley"), the perishable food manager at the Brookshire store in Jonesboro at the time of the accident, and Chad Crowe, Brookshire's Vice President of Facility Services, to show that Argel used its own equipment to clean the floors on the day of McDonald's alleged injury and did so independently of any Brookshire's employee involvement [Doc. Nos. 54-4, 54-5].

Presley, who was on the premises on the day of the accident, confirms in her affidavit that at the date and time of the fall, the floors were being cleaned by Argel; that Argel used its own equipment to perform the work, including placing its own warning signs; that Brookshire's did not perform any floor cleaning or buffer services that allegedly caused or contributed to McDonald's slip and fall incident; that Brookshire's did not supervise or control the floor cleaning operations in any way and, finally, that no Brookshire's employee was involved in the cleaning of the floors [Doc. No. 54-4].

Brookshire concludes that the above summary judgment evidence conclusively establishes: (1) that Brookshire did not perform any floor cleaning or buffing services that allegedly caused or contributed to McDonald's slip and fall incident; and, (2) that said services were performed by Nationwide and/or Argel, who were independent contractors, and, this Court has previously ruled

6

that Nationwide was entitled to judgment as a matter of law holding that it has no liability to McDonald because it subcontracted the work to Argel . Thus, Brookshire submits no genuine issue of material fact exists, and Brookshire is entitled to a dismissal of McDonald's claims against it as a matter of law.

In her opposition, McDonald argues, first, that a Brookshire employee, rather than an Argel employee, was operating the floor cleaning equipment at the time of the accident. In support of that allegation, McDonald attaches only her own affidavit, in which she avers:

> "Her recollection is that once she fell the young lady, believed to be Kennedy Tran, whom was operating the machine moved the signs into the area in which she fell. Mrs. McDonald was under the impression that Kennedy Tran was a Brookshires employee and that Ms. Tran had made herself out to be an employee of Brookshires."

[Doc. No. 60-3, p. 1].

Brookshire responds that McDonald's affidavit is not sufficient to create a genuine issue of material fact. The Court agrees.

Rule 56(c)(4) provides that "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.,* 276 F.3d 754, 759 (5th Cir.2002); *SEC v. Recile,* 10 F.3d 1093, 1097 (5th Cir.1997); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *see also Pyron v. Piccadilly Restaurants, LLC*, No. 4:09-00057, 2010 WL 2683618 at *3 (N.D. Miss. 7/2/10) ("In the present case, the plaintiff has offered nothing beyond

speculation that the floor was mopped with a 'greasy mop' to show why the floor was slick. Such speculation is insufficient to defeat the defendant's motion for summary judgment.")

McDonald's statements are merely assumptions, perceptions, or speculations. "Her recollection" is not sufficient to defeat summary judgment. *See Johnson v Saxon Mortgage Services, Inc.*, No. 2:10-074-B-S, 2011 WL 5325885 at *5 (N.D. Miss. 11/3/11) ("It is undisputed that the only evidence the plaintiffs can present to the court in support of their case is the recollection of Mrs. Johnson that she made the mortgage payments. While her testimony is admissible evidence and while the court will not make credibility determinations in ruling on a summary judgment motion, it is well settled that self-serving 'affidavit or deposition testimony setting forth ultimate or conclusory facts . . . are insufficient to defeat a motion for summary judgment.'") (citing *Clark v. America's Favorite Chicken Co.,* 110 F.3d 295, 297 (5th Cir.1997)).

Additionally, McDonald's affidavit provides "Mrs. McDonald was ***under the impression*** that Kennedy Tran was a Brookshires employee and that Ms. Tran had made herself out to be an employee of Brookshires." (emphasis added). However, McDonald provides no evidence that Kennedy Tran was a Brookshire employee or that Kennedy Tran was operating a floor cleaning machine on the date of the accident. Further, she attaches no documentation to validate her assumptions and perceptions.

Brookshire, on the other hand, has produced the affidavit of Presley, the perishable food manager at the store, which unequivocally states that she was present at the store at the time of the accident and that no employee of Brookshire's performed any aspect of the floor cleaning services on the date of the accident [Doc. No. 54-4, p. 1.]

Accordingly, the Court finds that McDonald has failed to establish a genuine issue of material fact as to whether a Brookshire employee, rather than an Argel employee, was operating the floor cleaning equipment.

McDonald's opposition next contends that Brookshire is liable for her injuries under La. R. S. 9:2800.6, the Louisiana premises liability statute.

Louisiana Revised Statute 9:2800.6(B) sets out the burden of proof for persons bringing negligence claims against merchants for falls on their premises. *Hernandez v. National Tea, Inc.,* 734 So.2d 958 (La. App. 5th Cir. 1999). The statute states:

> A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage;
>
> 1. In a negligence claim brought against the merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of this cause of action, all of the following:
>
>    a. The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
>    b. The merchant either created or had actual constructive notice of the condition which caused the damage, prior to the occurrence;
>
>    c. The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> 2. Definitions:

> "Constructive notice" means the claimant has proven the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists, does not alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise or reasonable care should have known, of the condition.

McDonald asserts Brookshire has liability under this statute because the slippery floor where she fell created an unreasonable risk of harm which was reasonably foreseeable; Brookshire created the condition of the slippery floor that caused her to fall and therefore she need not prove actual or constructive notice; even if Brookshire did not create the condition, it had constructive notice of the slippery floor where McDonald fell; and Brookshire failed to exercise reasonable care to prevent injury to her when it failed to place "wet floor" signs in the area where McDonald fell.

In support of her arguments, McDonald once again offers her own affidavit. She also offers a store video which purports to show there were no "wet floor' signs in the area when she fell. She contends the dispute as to whether there were "wet floor" signs placed in the area where she fell on the slippery substance goes to whether Brookshire exercised reasonable care.

Brookshire replies that McDonald's arguments ignore the contract between Brookshire and Nationwide. According to Brookshire, it has no liability for any injury caused by the wet substance on the floor and, further, it is not responsible for the placement of "wet floor" signs during the floor cleaning operations being performed by an independent contractor. In support of this argument, Brookshire cites *Thomas v. Albertsons, Inc.,* 685 So.2d 1134 (La. App. 2d Cir. 12/11/96), where Albertsons contended that they were not liable for the damage suffered by plaintiff because they had contracted with an independent floor care contractor who was responsible for cleaning the floors, posting caution signs, and attending the areas being mopped.

Albertsons argued that their employees were not responsible for the condition of the floor and that Plaintiff had failed to prove that the merchant created or had constructive notice of the condition and that the merchant failed to exercise reasonable care.

There, the Court acknowledged that, as here, Albertsons used independent contractors to clean the floors; that the contract included a paragraph which indicated that the contractor would operate as an independent contractor; and no testimony indicated that Albertsons retained control or supervision of the floor cleaning work done by the contractor. Thus, Albertsons was not liable for the plaintiff's damages.

This Court agrees. Where independent contractors are responsible for the actions giving rise to the allegations of negligence, La. R.S. 9:2800.6 is not applicable to the store owner.

Brookshire additionally asserts that it has no liability under La. R.S. 9:2800.6, because, in her affidavit, McDonald has failed to show that Brookshire knew or had constructive knowledge of the wet substance on the floor or that Brookshire failed to exercise reasonable care.

Brookshire asserts that the seminal case interpreting the statute is *White v. Wal-Mart Stores, Inc.,* 699 So.2d 1081 (La.1997). In *White,* the Court held:

> [I]t is the plaintiff's burden to prove each element of her cause of action under La. R.S. 9:2800.6(b). Furthermore, because constructive notice is plainly defined to include a mandatory temporal element, we find that where a claimant is relying upon constructive notice under La. R.S. 9:2800.6(b)(2), the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence.

A claimant who simply shows that the condition existed without an additional showing

that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. "Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall." *Kennedy v. Wal-Mart Stores, Inc.*, 733 So.2d 1188, 1191 (La. 1999).

Brookshire asserts that, since the *White* decision, several additional decisions have been handed down using the same logic.

In *Kennedy,* the plaintiff was injured when he slipped in a puddle on the floor while at the defendant's store. Plaintiff presented evidence showing that the general area where he fell was in view of a customer service podium and that it was raining on the evening in question. However, plaintiff presented no evidence as to the length of time the puddle was on the floor before his accident. The Supreme Court overruled both the trial court and the appellate court and found that plaintiff had failed to meet the "temporal element" which is required under *White,* 733 So.2d. at 1191.

In *O'Brien v. Wal-Mart Stores, Inc.,* 720 So.2d 1263 (La.App. 2nd Cir. 1998), the plaintiff was injured when she stepped in a clear substance on the floor at Wal-Mart. The substance was later identified as oil. The plaintiff stated that she did not see anyone in the department when she fell. Further, the plaintiff stated that the oil spill measured around five inches in diameter, and there was a smear mark on the right side of the spill. The plaintiff testified that there was no trash, debris, or shopping cart tracks in the vicinity of the spill and that she believed that she was the first person to step into the oil spill. The Court ruled that the plaintiff had failed to present any evidence establishing constructive notice, as no evidence showed that the oil was

on the floor for any length of time.

In *Rogers v. Brookshire Grocery Company,* 702 So.2d 11 (La.App. 2nd Cir. 1997), the plaintiff was injured when she slipped on a green vegetable leaf in the defendant's store. The Court stated that the plaintiff had failed to show lack of reasonable care on the part of the defendant, as well as how long the leaf had been on the floor. Plaintiff did not present positive proof that the substance was on the floor for a period of time.

In *Zeringue v. Wal-Mart Stores, Inc.,* 10-589 (La. App. 5 Cir. 3/29/11); 62 So.3d 276, the appellate court confirmed a case dismissed on a motion for summary judgment very similar to the facts at hand. In the *Zeringue* case, the plaintiff fell near the checkout area of the store. After her fall she saw green grapes on the floor, some of which had been crushed. Her husband did not see her fall but when he looked he saw a clear puddle measuring about a square foot with about a dozen-and-a-half green grapes in the middle, some being crushed. Neither plaintiff nor her husband could say how long the grapes were on the floor nor how they got there. The stores protocol was to have employees continuously watch the area for any hazards and if any foreign substance was noted on the floor to clean it up immediately. The Court held that there was no evidence that the store had actual or constructive notice of the grapes on the floor prior to the fall. The store was dismissed on summary judgment at the district court level, and the court of appeal affirmed that ruling.

This Court finds Brookshire's argument to be persuasive. Although a wet floor may present an unreasonable risk of harm, in her affidavit Ms. McDonald has failed to show that Brookshire knew or had constructive knowledge of the wet substance on the floor or that Brookshire failed to exercise reasonable care.

For these reasons, Brookshire and Travelers' motion for partial summary judgment is GRANTED, and McDonald's claims against them are DISMISSED WITH PREJUDICE.

### 2. Brookshire's Cross-Claim against Nationwide

As indicated above, Brookshire and Travelers filed a cross-claim against Nationwide [Doc. No. 42], alleging that the written contract between Brookshire and Nationwide contained an indemnity clause which provided that Nationwide would defend, indemnify, and hold Brookshire harmless from any and all claims, damages, or obligations arising out of the performance of services in cleaning floors at the Brookshire store.

Here, Nationwide filed a limited opposition in which it stated it did not oppose Brookshire's motion for partial summary judgment seeking dismissal of McDonald's claims against Brookshire, but that to the extent the motion is deemed to seek a determination that defense and indemnity is owed to Brookshire by Nationwide, Brookshire failed to meet its burden of proof [Doc. No. 61].

Brookshire and Travelers did not move for summary judgment on their cross-claim against Nationwide. Although the Court is dismissing McDonald's claims against Brookshire and Travelers, it is unclear at this point what Brookshire may seek or what it may be entitled to, under the defense and indemnity agreement. Accordingly, the Court expresses no view with regard to the cross-claim.

## III. CONCLUSION

For the foregoing reasons, Brookshire's and Travelers' Motion for Partial Summary Judgment [Doc. No. 54] is **GRANTED**. McDonald's claims against Brookshire and Travelers are **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 7th day of June, 2019.

                                                **TERRY A. DOUGHTY**
                                                **UNITED STATES DISTRICT JUDGE**