# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| MARGARET MCDONALD | * | CIVIL ACTION NO. 3:17-CV-00981 |
| v. | * | JUDGE TERRY A. DOUGHTY |
| NATIONWIDE BUILDING SERVICES INC., ET AL | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss under Rule 12(b)(6) filed by Defendant United Specialty Insurance Company ("USIC"). For reasons explained below, it is recommended that the motion be GRANTED.

## Background

Margaret McDonald filed this action against Brookshire Grocery Company, the Travelers Indemnity Company (Brookshire's alleged insurer), and Nationwide Building Services in the Second Judicial District Court for the Parish of Jackson, State of Louisiana on May 26, 2017. McDonald's action stems from injuries allegedly sustained as a result of a slip and fall on excess water at a Brookshire store on June 20, 2016. On August 1, 2017, the lawsuit was removed to this Court. [Doc. No. 1].

On March 12, 2018, McDonald filed a First Supplemental and Amended Petition [Doc No. 16], naming Argel Building Services, Inc. ("Argel") as an additional defendant. She alleged Argel was liable because Brookshire had retained the services of Nationwide, who in turn had retained Argel to clean Brookshire's floors. On March 5, 2019, McDonald filed a Second Supplemental

and Amended Petition [Doc. No. 36] to add as an additional Defendant USIC in its capacity as an alleged insurer of Argel.

On April 5, 2019, the District Court granted Nationwide's Motion for Partial Summary Judgment [Doc No. 38], concluding Nationwide was not liable under Louisiana law because Nationwide did not retain the right to control how its contractor performed his or her work. On June 7, 2019, the District Court granted Brookshire's and Travelers' Motion for Partial Summary Judgment because McDonald failed to show Brookshire either knew about the wet substance on its floor or that it failed to exercise reasonable care. [Doc. No. 68, 69].

On July 3, 2019, USIC filed a motion to dismiss under Rule 12(b)(6). [Doc. No. 73]. On July 24, 2019, McDonald filed a memorandum in opposition to the motion to dismiss. [Doc. No. 77]. On July 31, 2019, USIC filed its reply to McDonald's memorandum. [Doc. No. 79]. Accordingly, briefing is complete and the matter is ripe.

### **Rule 12(b)(6) standard**

The Federal Rules of Civil Procedure call for dismissal when the plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 579 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

Prescription may be raised in a Rule 12(b)(6) motion to dismiss. *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 302 (5th Cir. 2014)(quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)). A prescriptive defense supports dismissal under Rule 12(b)(6) when it is clear

2

from the pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like. *Id*. Once it has been shown that more than one year has elapsed from the date of injury to the filing of suit, the burden of proof shifts to the plaintiff to establish facts that avoid prescription. *Potier v. JBS Liberty Sec., Inc.*, No. 6:13-CV-00789, 2014 WL 5449726, at *3 (W.D. La. Oct. 24, 2014).

## **Law and Analysis**

### A. Prescription

Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law. *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211 (1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817 (1938).

Louisiana law provides that delictual actions are subject to liberative prescription of one year, and that prescription commences from the day the injury or damage is sustained. La. C.C. art 3492. Prescription runs against all persons unless an exception is established by legislation. La. Civ. Code Ars. 3467 and 3468. Louisiana recognizes three exceptions to the running of prescription: suspension, interruption, and renunciation. *Bouterie v. Crane*, 616 So.2d 657, 660 (La. 1993).

All of plaintiff's claims are tort claims and subject to a one-year prescriptive period. Both parties agree that the incident giving rise to this action occurred on June 20, 2016, that the one-year period expired on June 20, 2017, and that the amended petition was filed more than one year from the date of the accident. Thus, McDonald must show an exception to the prescriptive period. McDonald relies on three theories to establish prescription has not run. First, she argues that the prescriptive period was interrupted because she named the plaintiffs as liable *in solido*. Second, she argues that the new claim relates back to the original claim under Federal Rule of Civil

3

Procedure 15(c)(1)(C). Finally, she argues that the prescriptive period was expanded by *contra non valentem*. I will consider each argument in turn.

**B. Potential exceptions to prescription**

1.   Interruption

A. <u>Law</u>

In Louisiana, prescription is interrupted by the filing of suit in a court of competent jurisdiction. La. C.C. Art. 3462. The interruption of prescription against one solidary obligor is effective against all solidary obligors. La. C.C. Ars. 1799 and 3503. If the plaintiff's basis for claiming interruption of prescription is solidary liability between two or more parties, then the plaintiff bears the burden of proving that solidarity exists. *Kelley v. General Ins. Co. of America*, 2014-0180, at p. 6 (La. App. 1st Cir. 12/23/14); 168 So.3d 528, 534 (quoting *Younger v. Marshall Industries, Inc.*, 618 So.2d 866, 869 (La. 1993)). The Court must look to the petitions to see whether the plaintiff has carried her burden of proof. *Vincent v. Tusch*, 618 So.2d 385 (La. 1993). The test is whether the alleged facts are enough on their face to establish that the timely sued defendant and the untimely sued defendants are solidarily liable. *Id.* (quoting *Pearson v. Hartford Accident & Indemnity Co.*, 281 So.2d 724 (La. 1973)). Solidary liability is not to be presumed and arises either from a clear expression of the parties' intent or from the law. La. C.C. Art. 1796.

B. <u>Arguments</u>

McDonald asserts that her original filing of the claim against the plaintiffs interrupted prescription and excuses her failure to timely file her claim against USIC. This argument is premised on the notion that because the defendants are liable *in solido*, pausing the suit against one means that the suits against all defendants are also interrupted. USIC disagrees, arguing that McDonald never pleaded that USIC was liable *in solido* with the other defendants. It relies on the

well-pleaded complaint rule, arguing that the pleading standard outlined in *Iqbal* and *Twombly* demands greater specification than that provided in McDonald's pleadings. It contends that the kitchen-sink pleading used by McDonald is insufficient to give rise to *in solido* liability.

    C.  <u>Analysis</u>

Because McDonald's basis for claiming interruption is solidary liability, she has the burden of showing that solidarity exists. McDonald has not met that burden. Her petition and her amended petitions each include a single, cursory reference to the *in solido* liability of the defendants but fail to allege with any particularity why this type of liability should apply here. Louisiana law is clear that solidarity of obligation is not to be presumed, yet McDonald relies solely on the presumption of solidarity. She offers no facts to support her assertion that Argel and USIC entered into an agreement to be bound *in solido* with the other defendants. Therefore, the undersigned is not persuaded McDonald's argument has merit.

In addition, because all the timely-sued defendants have been dismissed on summary judgment motions, there is no solidary obligor to which the claims against the remaining defendants can relate. *See Myers v. Doe*, 2:06 CV 1785, 2009 WL 3790171, at *3 (W.D. La. Nov. 10, 2009) ("this court dismissed the timely sued defendants, so there is no joint and solidary obligation"). Therefore, the interruption argument cannot be cured by amendment.

    2.    Rule 15(c)(1)(C)

    A.  <u>Law</u>

The addition of a new defendant commences the lawsuit as to it. *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006). Under federal law, adding a new defendant generally does not relate back to the filing of the original complaint unless Rule 15(c)(1)(C) provides so. *Id.* This rule provides an exception for the misnomer of a defendant. *Id.* at 806 & n.

12 (discussing how Rule 15(c)(1)(C) refers to substituting or changing a defendant when there has been a misnomer). Also, under Louisiana law, the addition of a new defendant does not relate back to the original complaint unless a misnomer situation as described in the federal rule applies. *See Ray v. Alexandria Mall*, 434 So.2d 1083, 1087 (La. 1983)(noting that Louisiana law models the federal rule and that relation back does not apply when adding a new defendant). Thus, a claim against a "new" party will only relate back when three distinct requirements are met. First, the new claim must arise out of the same conduct, transaction, or occurrence as set out in the original pleading. Rule 15(c)(1)(C). Second, the new party must have received notice of the action such that it would not suffer prejudice in defending against that claim. Rule 15(c)(1)(C)(i). This notice must be received within the period provided under Rule 4(m) for serving the summons and complaint. *Id*. Third, the new party must have known (or should have known) within the period provided under Rule 4(m) that it would have been named as a defendant were it not for a mistake. Rule 15(c)(1)(C)(ii). When there is no mistake of identity alleged, Rule 15(c)(1)(C) is not triggered. *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998)(quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469 (2d Cir. 1995)).

    B. <u>Arguments</u>

McDonald argues that Rule 15(c)(1)(C) applies because she made the errors the rule was intended to protect against. First, she says that the rule is intended to allow a plaintiff to amend her complaint when a claim against a defendant is not stated in the original petition but arises out of the same facts as her other claims. Second, she says the rule protects against an inability to name the correct defendant, which occurred in the present case because McDonald did not discover the existence of USIC until August 2018.

USIC argues that Rule 15(c)(1)(C) imposes additional requirements beyond having the claim arise out of the same facts. It points out that McDonald alleges no mistake of identity, and thus Rule 15(c)(1)(C) is not triggered.

C. Analysis

McDonald bears the burden of showing Rule 15(c)(1)(C) applies. Neither party disputes that the amendment to sue USIC arises out of the same June 2016 incident contained in the original timely pleading. Yet the other requirements of Rule 15(c)(1)(c) are not satisfied because this is not a case of mistaken identity. Instead, Plaintiff attempts to circumvent the prescriptive period by claiming that Rule 15(c)(1)(C) allows her to add a new defendant when the claim against the new defendant arises out of the same facts that gave rise to the original pleading. This argument does not correctly apply Rule 15(c)(1)(C). Rule 15(c)(1)(C) is not a vehicle for plaintiffs to bring new parties into litigation after a prescriptive period has expired. Instead, it offers a narrow exception to statutes of limitation by allowing a plaintiff to correct a mistaken identification. McDonald does not allege that she is attempting to correctly identify USIC as a defendant after incorrectly naming a different defendant, but rather to add an entirely new defendant she failed to timely plead. In addition, there is no allegation that the newly-added defendants knew or should have known within the period provided under Rule 4(m) that they would have been named as defendants were it not for a mistake. Accordingly, the undersigned finds that Rule 15(c)(1)(C) does not apply here. Therefore, in the absence of a curative amendment, dismissal on the Rule 15(c)(1)(C) argument is recommended.

3. *Contra non valentem*

A. Law

*Contra non valentem* prevents the running of liberative prescription when the cause of action is neither known nor reasonably knowable by a plaintiff. *Cole v. Celotex Corp.*, 620 So. 2d 1154, 1156 (La. 1993); *Renfroe v. State ex rel. Dept. of Transp. and Development*, 809 So.2d 947, 953 (La. 2002). It is a judicially created doctrine, rooted in principles of fairness and equity, intended to ameliorate the harshness that would result from an inflexible application of prescription. *Terrebonne Parish School Bd v. Mobil Oil Corp.*, 310 F.3d 870, 885 (5th Cir. 2002). *Contra non valentem* only applies in exceptional circumstances, typically when the plaintiff cannot timely bring her claim for reasons outside her control. *See* LA C.C. Art. 3467, comment (d). Because this is an exceptional remedy, it is strictly construed. *Corsey v. State Department of Corrections*, 375 So.2d 1319 (La. 1979); *Harsh v. Calogero*, 615 So.2d 420 (La. App. 4th Cir. 1993). In addition, the doctrine does not exempt the prescriptive period from running if the plaintiff's ignorance stems from her own neglect. *Renfroe*, 809 So.2d at 954 (quoting *Corsey*, 375 So.2d at 1322). A plaintiff will be deemed to know what she could have learned through reasonable diligence. *Id.*

B. <u>Arguments</u>

McDonald argues that it was not reasonable for her to know about the existence of USIC until August 23, 2018, when she learned about its existence via disclosure by the opposing party. In fact, she contends that the only way for her to become aware of USIC's existence was by commencing litigation. In response, USIC argues that no exceptional circumstances exist excusing McDonald's failure to bring her claim against USIC within one year. Instead, it claims that McDonald sat on her rights and did not actively investigate who caused the floor to become wet.

C. <u>Analysis</u>

The undersigned agrees with USIC. To successfully argue that *contra non valentem* applies in the present action, McDonald must show that she acted reasonably. She has failed to do so. There is no reason offered that explains why a diligent investigation could not have discovered Argel's—and therefore USIC's—potential liability within the prescriptive period. A reasonable plaintiff would have tried to determine who was responsible for ensuring there was no excess water on Brookshire's floor and whether that person or organization carried insurance. McDonald has offered no facts to demonstrate that she acted reasonably and diligently to discover what actors contributed to her fall, nor has she explained how circumstances outside her control prevented her from discovering USIC's potential liability. Instead, McDonald claims she only discovered Argel's presence from the opponents' disclosures and wants the Court to step in and apply an equitable remedy to excuse her untimely suit. McDonald alleges no facts to show that she made reasonable efforts to investigate, or that any defendant prevented her from learning about Argel's potential liability such that fairness and justice would require an exception to the prescriptive period. Accordingly, the undersigned finds that *contra non valentem* does not apply here. Therefore, in the absence of a curative amendment, dismissal on the *contra non valentem* argument is recommended.

## **Conclusion**

For the reasons set forth above,

IT IS RECOMMENDED that defendant USIC's motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 73] be GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for

9

extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 26th day of August 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE