UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MARGARET MCDONALD | CIVIL ACTION NO. 3:17-CV-00981 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| BROOKSHIRE GROCERY CO., ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending here is the Motion for Partial Summary Judgment on Behalf of Argel Building Services, Inc. ("Argel") [Doc. No. 82]. Plaintiff Margaret McDonald ("McDonald") filed an opposition [Doc. No. 87].

The motion is fully briefed, and the Court is prepared to rule.

**I.  FACTS AND PROCEDURAL BACKGROUND**

McDonald contends that she suffered injuries on June 20, 2016, when she slipped and fell on water left after a floor was cleaned and buffed at the Brookshire store in Jonesboro, Louisiana. On May 26, 2017, she filed a Petition for Damages against Defendants Brookshire Grocery Company ("Brookshire"), Nationwide Building Services, Inc. ("Nationwide"), and The Travelers Indemnity Company of Connecticut ("Travelers") in the Second Judicial District Court for the Parish of Jackson, State of Louisiana. On August 1, 2017, the lawsuit was removed to this Court.

On March 12, 2018, McDonald filed a First Supplemental and Amended Petition [Doc. No. 16], adding as an additional Defendant Argel Building Services, Inc., ("Argel"). She alleged liability on the basis that Brookshire had retained the services of Nationwide, who, in turn, had retained the services of Argel to clean the floors of the business.

On March 5, 2019, McDonald filed a Second Supplemental and Amended Petition [Doc.

No. 36] adding as an additional Defendant United Specialty Insurance Company ("USIC"), the alleged insurer of Argel.

On March 7, 2019, Nationwide filed a Motion for Partial Summary Judgment [Doc. No. 38], contending that it had no liability to McDonald because it had not cleaned or buffed the floors at the Jonesboro Brookshire store, but, rather, had sub-contracted that work to Argel, as an independent contractor.

On April 5, 2019, the Court granted Nationwide's Motion for Partial Summary Judgment [Doc. No. 38], concluding that Nationwide has no liability to McDonald because under Louisiana law a party is not liable for the torts of its subcontractor unless that party retains the right to control the manner in which the contractor performs his work, which, in this case, Nationwide did not do. Thus, the Court concluded that Nationwide was entitled to judgment as a matter of law holding that it has no liability to McDonald [Doc. Nos. 52, 53].

On April 30, 2019, Brookshire and Travelers filed a motion for partial summary judgment asking that McDonald's claims against them be dismissed because: (1) Brookshire did not perform any floor cleaning services that allegedly caused or contributed to McDonald's slip and fall; and, (2) Brookshire contracted all floor cleaning services for the premises in question to Nationwide as an independent contractor, and, therefore, Brookshire was entitled to summary judgment dismissing McDonald's claims against it for the same reason the Court granted summary judgment in favor of Nationwide [Doc. No. 54].

On June 7, 2019, the Court granted Brookshire and Travelers' motion for summary judgment [Doc. Nos. 68, 69]. On July 1, 2019, McDonald filed a Notice of Appeal [Doc. No. 72], which the United States Court of Appeals for the Fifth Circuit dismissed for want of

jurisdiction, on July 30, 2019 [Doc. No. 78].

On July 3, 2019, USIC, Argel's insurer, filed a Motion to Dismiss on the basis that McDonald's tort claims are time-barred by liberative prescription [Doc. No. 73]. On August 26, 2019, the Magistrate Judge issued a Report and Recommendation in which she recommended the motion to dismiss be granted [Doc. No. 84]. On September 10, 2019, the Court entered Judgment adopting the Report and Recommendation [Doc. No. 86].

On August 24, 2019, Argel filed the pending Motion for Partial Summary Judgment [Doc. No. 82], asserting that McDonald's claim against it, too, is time-barred.

For the following reasons, Argel's motion is GRANTED.

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court

must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

   B.   **Analysis**

      1.   **Prematurity**

McDonald first argues that Argel's motion for partial summary judgment is premature.[1] According to McDonald, she timely appealed this Court's decision granting summary judgment in favor of Brookshire and Travelers, but her appeal was "remanded due to a defect in the judgment." [Doc. No. 87, pp. 6, 10]. She further asserts that the delay for appealing that judgment will not begin to run until "the issue with the judgment is remedied" by this Court [*Id*.] She therefore contends that this Court could be faced with a conflicting result should it choose to grant the pending motion for partial summary judgment. Her reasoning is that once this Court deals with the issue of its "defective" judgment, she can proceed with her immediate appeal of that judgment. Thus, according to McDonald, the potential exists for the Fifth Circuit to reverse this Court's summary dismissal of Brookshire and Travelers, and if this event occurs following the granting of the pending motion for partial summary judgment, there would be the possibility of a confusion of issues.

McDonald's interpretation of Federal Rule of Civil Procedure Rule 54(b) and the Fifth Circuit's Judgment dismissing her immediate appeal [Doc. No. 78] is incorrect. There is no "defect" in the Court's judgment, nor is there an "issue with the judgment" which the Court needs to remedy.

Federal Rule of Civil Procedure 54(b) provides:

---

1 McDonald calls her argument an "exception," but there are no exceptions in federal court. Typically, the relief sought in an exception would be asserted through a motion to dismiss or a motion for summary judgment.

> When an action presents more than one claim for relief –whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court *may* direct entry of a final judgment as to one or more, but fewer than all, claims or parties only *if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

(emphasis added)

Thus, ordinarily a judgment entered on fewer than all claims or all parties is not immediately appealable. A party may move for a Rule 54(b) determination. In this case, McDonald made no such motion. Even if McDonald had made such a motion, this Court was not *required* to grant it. To the contrary, whether to enter a judgment under Rule 54(b) is reserved for the sound discretion of the district judge. *See Curtiss-Wright Corp v. General Elec. Co*. 446 U.S. 1, (1980); s*ee generally Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956). Because such judgments are contrary to the historic federal policy against piecemeal appeals, Rule 54(b) orders are not granted routinely, or merely with the hope of avoiding a trial, or as an accommodation to counsel. *See Curtiss-Wright*, 446 U.S., at p. 10; *see also Jones v. W. Plains Bank & Trust Co*., 813 F.3d 700, 703 (8th Cir. 2015). Instead, the district court must carefully balance the needs of the parties for an immediate appeal against the interest of efficient management of the litigation. Rule 54(b) determinations are the exceptions, not the rule. *See Elliott v. Archdiocese of New York*, 682 F.3d 213, 220 (3d Cir. 2012).

As the Fifth Circuit explained in its Judgment denying McDonald's immediate appeal [Doc. No. 78], an order dismissing some of the claims or defendants is final for appellate purposes

5

*only* if the district court has made an express determination that there is no just reason for delay as well as an express direction for the entry of judgment under Rule 54(b), *or* certifies the case for immediate appeal pursuant to 28 U.S.C. § 1292(b).

McDonald's immediate appeal was dismissed by the Fifth Circuit because she did not seek and obtain a Rule 54(b) or § 1292(b) determination, and the Court did not *sua sponte* find that either such certification was appropriate.

Accordingly, to the extent that McDonald argues that the motion for partial summary judgment should be denied as premature, her argument has no merit.

### B. Prescription

Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law. *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427, (1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, (1938). Louisiana law provides that delictual actions are subject to liberative prescription of one year, and that prescription commences from the day the injury or damage is sustained. LA. C.C. art 3492. Prescription runs against all persons unless an exception is established by legislation. LA. C.C. arts. 3467 and 3468. Louisiana recognizes three exceptions to the running of prescription: suspension, interruption, and renunciation. *Bouterie v. Crane*, 616 So.2d 657, 660 (La. 1993).

All of McDonald's claims are tort claims and subject to a one-year prescriptive period. The incident giving rise to this action occurred on June 20, 2016; the one-year period expired on June 20, 2017; and the amended petition naming Argel as an additional defendant was filed on March 12, 2018, more than one year from the date of the accident. Thus, McDonald must show an exception to the prescriptive period.

McDonald relies on three theories to establish prescription has not run. First, she argues that the prescriptive period was interrupted because she named the defendants as liable in solido. Second, she argues that the new claim relates back to the original claim under Federal Rule of Civil Procedure 15(c)(1)(C). Finally, she argues that the prescriptive period was expanded by *contra non valentem*.

### 1. Interruption

McDonald asserts that her original filing of the claim against the original defendants interrupted prescription and excuses her failure to timely file her claim against Argel. This argument is premised on the notion that because the defendants are liable in solido, filing suit against one means that prescription was interrupted as to all defendants.

In Louisiana, prescription is interrupted by the filing of suit in a court of competent jurisdiction. LA. C.C. art. 3462. The interruption of prescription against one solidary obligor is effective against all solidary obligors. LA. C.C. arts. 1799 and 3503. If the plaintiff's basis for claiming interruption of prescription is solidary liability between two or more parties, then the plaintiff bears the burden of proving that solidarity exists. *Kelley v. General Ins. Co. of America*, 2014-0180, at p. 6 (La. App. 1st Cir. 12/23/14); 168 So.3d 528, 534 (quoting *Younger v. Marshall Industries, Inc.*, 618 So.2d 866, 869 (La. 1993)).

The Court must look to the petitions to see whether the plaintiff has carried her burden of proof. *Vincent v. Tusch*, 618 So.2d 385 (La. 1993). The test is whether the alleged facts are enough on their face to establish that the timely sued defendant and the untimely sued defendants are solidarily liable. Id. (quoting *Pearson v. Hartford Accident & Indemnity Co.*, 281 So.2d 724 (La. 1973)). Solidary liability is not to be presumed and arises either from a clear expression of

7

the parties' intent or from the law. LA. C.C. art. 1796.

Because McDonald's basis for claiming interruption is solidary liability, she has the burden of showing that solidarity exists. McDonald has not met that burden. Her petition and her amended petitions each include a single, cursory reference to the in solido liability of the defendants but fail to allege with any particularity why this type of liability should apply here. Louisiana law is clear that solidarity of obligation is not to be presumed, yet McDonald relies solely on the presumption of solidarity. She offers no facts to support her assertion that Argel entered into an agreement to be bound in solido with the other defendants.

In addition, because all the timely-sued defendants have been dismissed on summary judgment motions, there is no solidary obligor to which the claims against the remaining defendants can relate. *See Myers v. Doe*, 2:06 CV 1785, 2009 WL 3790171, at *3 (W.D. La. Nov. 10, 2009) ("this court dismissed the timely sued defendants, so there is no joint and solidary obligation").

Accordingly, interruption does not apply here.

### 2. Relating Back

McDonald argues that Rule 15(c)(1)(C) applies because she made the errors the rule was intended to protect against. First, she says that the rule is intended to allow a plaintiff to amend her complaint when a claim against a defendant is not stated in the original petition but arises out of the same facts as her other claims. Second, she says the rule protects against an inability to name the correct defendant, which occurred in the present case because McDonald did not discover the existence of Argel until October 2017.

The addition of a new defendant commences the lawsuit as to it. *Braud v. Transport*

*Service Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006). Under federal law, adding a new defendant generally does not relate back to the filing of the original complaint unless Rule 15(c)(1)(C) provides so. *Id*. This rule provides an exception for the misnomer of a defendant. *Id*. at 806 & n. 12 (discussing how Rule 15(c)(1)(C) refers to substituting or changing a defendant when there has been a misnomer). Also, under Louisiana law, the addition of a new defendant does not relate back to the original complaint unless a misnomer situation as described in the federal rule applies. See *Ray v. Alexandria Mall*, 434 So.2d 1083, 1087 (La. 1983) (noting that Louisiana law models the federal rule and that relation back does not apply when adding a new defendant).

Thus, a claim against a "new" party will only relate back when three distinct requirements are met. First, the new claim must arise out of the same conduct, transaction, or occurrence as set out in the original pleading. Fed. R. Civ. P. 15(c)(1)(C). Second, the new party must have received notice of the action such that it would not suffer prejudice in defending against that claim. Fed. R. Civ. P. 15(c)(1)(C)(i). This notice must be received within the period provided under Rule 4(m) for serving the summons and complaint. *Id*. Third, the new party must have known (or should have known) within the period provided under Rule 4(m) that it would have been named as a defendant were it not for a mistake. Fed. R. Civ. P. 15(c)(1)(C)(ii). When there is no mistake of identity alleged, Rule 15(c)(1)(C) is not triggered. *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469 (2d Cir. 1995)).

McDonald bears the burden of showing Rule 15(c)(1)(C) applies. Neither party disputes that the amendment to sue Argel arises out of the same June 2016 incident contained in the

9

original timely pleading. Yet the other requirements of Rule 15(c)(1)(c) are not satisfied because this is not a case of mistaken identity. Instead, McDonald attempts to circumvent the prescriptive period by claiming that Rule 15(c)(1)(C) allows her to add a new defendant when the claim against the new defendant arises out of the same facts that gave rise to the original pleading. This argument does not correctly apply Rule 15(c)(1)(C). Rule 15(c)(1)(C) is not a vehicle for plaintiffs to bring new parties into litigation after a prescriptive period has expired. Instead, it offers a narrow exception to statutes of limitation by allowing a plaintiff to correct a mistaken identification. McDonald does not allege that she is attempting to correctly identify Argel as a defendant after incorrectly naming a different defendant, but rather to add an entirely new defendant she failed to timely plead. In addition, there is no allegation that the newly-added defendant knew or should have known within the period provided under Rule 4(m) that it would have been named as a defendant were it not for a mistake. Finally, the Court notes that, despite her claim that she learned of Argel's identity in October 2017, McDonald did not file her amended pleading naming Argel as a defendant until March 12, 2018.

Accordingly, Rule 15(c)(1)(C) does not apply here.

### 3. *Contra non valentem*

McDonald argues that it was not reasonable for her to know about the existence of Argel until October 2017, when she learned about its existence via initial disclosures. In fact, she contends that the only way for her to become aware of Argel's existence was by commencing litigation.

*Contra non valentem* prevents the running of liberative prescription when the cause of action is neither known nor reasonably knowable by a plaintiff. *Cole v. Celotex Corp.*, 620 So.

2d 1154, 1156 (La. 1993); *Renfroe v. State ex rel. Dept. of Transp. and Development*, 809 So.2d 947, 953 (La. 2002). It is a judicially created doctrine, rooted in principles of fairness and equity, intended to ameliorate the harshness that would result from an inflexible application of prescription. *Terrebonne Parish School Bd v. Mobil Oil Corp.*, 310 F.3d 870, 885 (5th Cir. 2002). *Contra non valentem* only applies in exceptional circumstances, typically when the plaintiff cannot timely bring her claim for reasons outside her control. See LA C.C. Art. 3467, comment (d). Because this is an exceptional remedy, it is strictly construed. *Corsey v. State Department of Corrections*, 375 So.2d 1319 (La. 1979); *Harsh v. Calogero*, 615 So.2d 420 (La. App. 4th Cir. 1993). In addition, the doctrine does not exempt the prescriptive period from running if the plaintiff's ignorance stems from her own neglect. *Renfroe*, 809 So.2d at 954 (quoting *Corsey,* 375 So.2d at 1322). A plaintiff will be deemed to know what she could have learned through reasonable diligence. *Id*.

To successfully argue that *contra non valentem* applies in the present action, McDonald must show that she acted reasonably. She has failed to do so. There is no reason offered that explains why a diligent investigation could not have discovered Argel's potential liability within the prescriptive period. A reasonable plaintiff would have tried to determine who was responsible for ensuring there was no excess water on Brookshire's floor. McDonald has offered no facts to demonstrate that she acted reasonably and diligently to discover what actors contributed to her fall, nor has she explained how circumstances outside her control prevented her from discovering Argel's potential liability. Instead, McDonald claims she only discovered Argel's presence from the opponents' disclosures and wants the Court to step in and apply an equitable remedy to excuse her untimely suit. McDonald alleges no facts to show that she made

reasonable efforts to investigate, or that any defendant prevented her from learning about Argel's potential liability such that fairness and justice would require an exception to the prescriptive period.

Accordingly, *contra non valentem* does not apply here.

### III.  CONCLUSION

For the foregoing reasons, the Motion for Partial Summary Judgment on Behalf of Argel Building Services, Inc. [Doc. No. 82] is **GRANTED**.   McDonald's claims against Argel Building Services, Inc. are **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 18th day of September, 2019.

                                            **TERRY A. DOUGHTY**
                                            **UNITED STATES DISTRICT JUDGE**